# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HUBERT WILKINSON and <br> RANDALL J. GILBREATH, <br><br> Plaintiffs, <br><br> v. <br><br> JAMES M. BROWN, SR., et al., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) No. CIV 09-363-JHP-SPS <br> ) <br> ) <br> ) <br> ) |

## OPINION AND ORDER

Plaintiffs, who are inmates at Mack Alford Correctional Center in Stringtown, Oklahoma, have filed a motion requesting the court to certify this case as a class action and to appoint counsel. The complaint concerns parole procedures, and the plaintiffs have proposed four classes of Oklahoma prisoners, based on their dates of conviction.

Initially, the court notes that the motion is not a proper pleading that conforms to the Local Civil Rules of this court. Pursuant to Local Civil Rule 7.1(c), "[e]ach motion, application, or objection filed shall be a separate pleading . . . ." Therefore, this motion should have been filed as two separate motions, one for appointment of counsel, and one for class certification. The court, however, will excuse this violation of the local rules in this instance.

The plaintiffs bear the burden of convincing the court that their claim has sufficient merit to warrant appointment of counsel. *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985) (citing *United States v. Masters*, 484 F.2d 1251, 1253 (10th Cir. 1973)). The court has carefully reviewed the merits of the plaintiffs' claims, the nature of factual issues raised in their allegations, and their ability to investigate crucial facts. *McCarthy*, 753 F.2d at 838 (citing *Maclin v. Freake*, 650 F.2d 885, 887-88 (7th Cir. 1981)). After considering the

plaintiffs' ability to present their claims and the complexity of the legal issues raised by the claims, the court finds that appointment of counsel is not warranted. *See Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991); *see also Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995).

Regarding class certification, courts are reluctant to certify a class represented by a pro se litigant, because a layman representing himself is considered "to be clearly too limited to allow him to risk the rights of others." *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975). Although a pro se litigant has the right to appear on his own behalf, he may not represent another pro se plaintiff in federal court. 28 U.S.C. § 1654; *see, e.g.*, *United States v. Grismore*, 546 F.2d 844 (10th Cir. 1976); *Herrera-Venegas v. Sanchez-Rivera*, 681 F.2d 41, 42 (1st Cir. 1982); *United States v. Taylor*, 569 F.2d 448, 451 (7th Cir.), *cert. denied*, 435 U.S. 952 (1978). After careful review of the complaint, the court finds the plaintiffs cannot "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4).

**ACCORDINGLY,** the plaintiffs' motion for class certification and for appointment of counsel [Docket #2] is DENIED.

**IT IS SO ORDERED** this 23rd day of October 2009.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma