# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HUBERT WILKINSON and<br>RANDALL J. GILBREATH, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )    No. CIV 09-363-JHP-SPS |
| JAMES M. BROWN, SR., et al., | )<br>)<br>) |
| Defendant. | ) |

## OPINION AND ORDER

This action is before the court on the plaintiffs' motion for partial summary judgment, their motion to compel discovery, and the court's own motion to consider dismissal of the case pursuant to 28 U.S.C. § 1915A. The court has before it for consideration the plaintiffs' complaint, their motions, the defendants' responses, and the plaintiffs' reply.

The plaintiffs are inmates in the custody of the Oklahoma Department of Corrections who are incarcerated at Mack Alford Correctional Center in Stringtown, Oklahoma. They have brought this action under the authority of 42 U.S.C. § 1983, seeking declaratory relief, prospective injunctive relief, and costs for alleged constitutional violations related to their consideration for parole. The defendants are Oklahoma Pardon and Parole Board members James M. Brown, Sr., Clinton Johnson, Richard L. Dugger, Susan B. Loving, and Lynnell Harkins; Oklahoma Pardon and Parole Board Executive Director Terry Jenks; and Oklahoma Governor Brad Henry.[1]

---

[1] To the extent the defendants are sued in their official capacities as state officials, plaintiff's claims are barred by the Eleventh Amendment. It is well settled that a damages suit against a state official in his official capacity is merely another way of pleading an action

The plaintiffs allege they have served the requisite 15 years of their life sentences, and they are eligible for parole consideration. Both have maintained exceptional work evaluations and have completed all previously assessed program needs. Neither has gang affiliations or mental health issues. They are complaining that both have made multiple appearances before the Parole Board, and they are many years beyond their initial parole eligibility dates. They maintain they are being incarcerated beyond what the law allows, and their continued imprisonment serves no legitimate purpose. While the plaintiffs claim no right to parole, they assert a right to a clemency recommendation, based on an impartial investigation and study and the Forgotten Man Act. The plaintiff's claims are set forth as follows:

> Count I: Defendants BROWN, DUGGER, JOHNSON, LOVING and HARKINS while acting under color of state law, have denied the plaintiffs . . . *due process* and *equal protection* of the law by violating the mandatory criteria *(liberty interest)* imposed upon the Pardon and Parole Board's inquiry into a prisoner's fitness for release and subjected Plaintiffs to an *ex post facto* law that augments the *due process* injury. . . . Both the Constitution and its enabling statute are unambiguous, exclusive, and mandatory, and their benefits are fully protected by the *due process* Clause of the 14th Amendment and the *ex post facto* Clause of the United States Constitution. What [plaintiffs] have a right to is a clemency recommendation based on an "*impartial investigation and study*." And the FORGOTTEN MAN ACT provided long ago that a prisoner's *conduct and record while incarcerated* is the mandatory and exclusive means of insuring an impartial investigation and study. . . .
>
> Count II: Defendants BROWN, DUGGER, JOHNSON, LOVING, and HARKINS . . . conspired among themselves and others *(1)* to deny the plaintiffs *due process* of law by violating the mandatory criteria (liberty interest) for parole consideration, or *(2)* to subjectively alter the plaintiffs'

---

against the State. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). *See also Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1988) (state officials sued in their official capacities are not "persons" for purposes of a § 1983 suit, because the suit is against the official's office and not against the official).

sentences to <u>life without parole</u>, or *(3)* to subjectively apply the latter-enacted **21 O.S. (1999-Supp.) 13.1** (85% Rule) in violation of [the prohibition against ex post facto laws] . . . and in detriment to the Plaintiffs' vested liberty interests. . . .

Ground III: By applying **57 O.S. § 332.7(C),** (two-stage proceeding) [to] Plaintiff WILKINSON . . ., [D]efendants BROWN, DUGGER, JOHNSON, LOVING, HARKINS, and JENKS . . . have violated the plaintiff's *due process* rights, and their right not to be subjected to an *ex post facto* law.

Ground IV: Applying **57 O.S. 332.7(D)(1)** to the Plaintiffs, Defendants BROWN, DUGGER, JOHNSON, LOVING, HARKINS, AND JENKS . . . have subjected the plaintiffs to an *ex post facto* law . . . .

Ground V: Defendants BROWN, DUGGER, JOHNSON, LOVING, and HARKINS . . . have purposefully subjected the Plaintiffs . . . to the more onerous additions to **57 O.S. § 332.2** in violation of [the prohibition against ex post facto laws] and in detriment to the Plaintiffs' vested liberty interests.

Ground VI: Defendant HENRY , , , has denied Plaintiff GILBREATH . . . [his] right to *due process* and *equal protection* by violating [his] liberty interests inherent in the mandatory criteria governing suitability for parole. . . . Plaintiff GILBREATH was recommended for parole by a majority of the Board in July of 2007. On January 27, 2008, [D]efendant HENRY denied the recommendation without comment.

The plaintiffs have filed a motion for partial summary judgment on Counts I, II, IV, V, and VI. Having moved for summary judgment in their favor, the plaintiffs are required to show the absence of a genuine issue of material fact. Fed. R. Civ. P. 56(c). Their initial burden is to show the absence of evidence to support their case. *Celotex v. Catrett*, 477 U.S. 317, 323 (1986). The plaintiffs must identify those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any" which establish the absence of any genuine issue of material fact. *Id*. The nonmoving parties must go beyond the pleadings and by way of affidavits or "depositions, answers to interrogatories, and admissions on file" designate "specific facts showing that there is a genuine issue for

3

trial." Fed. R. Civ. P. 56(e).

Summary judgment is not appropriate if there exists a genuine material factual issue such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-51 (1986). In this regard, all evidence of the nonmoving party is deemed true, and all reasonable inferences are drawn in favor of the nonmoving party. *Id.* at 255 (citing *Adickes v. S. H. Kress & Co.*, 398 U.S. 114, 158-59 (1970)). The court's function is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* at 249. With these standards in mind, the court turns to the merits of the defendants' motion.

Plaintiff Wilkinson alleges he is entitled to an impartial investigation and study into his suitability for release on parole. Instead, the defendants allegedly judged his parole suitability by the nature and circumstances of his offense committed 40 years ago, the political climate, outside protests, and individual prejudices flowing from the defendants' relationships with the law enforcement community. As proof of his claim for summary judgment, plaintiff relies on an answer to an interrogatory that stated "the Board utilizes a risk assessment tool developed for the Agency," and that a parole or commutation request sometimes is denied "based on [the] belief an inmate has not served enough time." Plaintiff apparently believes that because he has a negative Risk Assessment Score, his denial by the Board violated his constitutional rights.

The Oklahoma Supreme Court has held that "*the board is the sole judge of what materials may be considered in the decision-making process.*" *Shabazz v. Keating*, 977 P.2d 1089, 1094 (Okla. 1999) (footnote omitted) (emphasis in original). Furthermore, "there is no protectible liberty interest in one's earlier than his end-of-sentence release." *Id.* (footnote

omitted). *See also Shirley v. Chestnut*, 603 F.2d 805, 807 (10th Cir. 1979) (holding that the Oklahoma statutory scheme "does no more than create a parole system, which . . . does not establish a liberty interest"). "[B]ecause the criteria of an inmate's conduct and record during incarceration are only 'a basis for consideration' for a parole recommendation rather than the sole or exclusive basis, Subsection H of Section 332.7 of Title 57 of the Oklahoma Statutes does not give rise to a liberty interest in a parole recommendation based solely on an inmate's conduct and record during incarceration protected by the Due Process Clause." *Ellis v. Brown*, No. CIV-09-379-R, 2009 WL 1330057, *2 (W.D. Okla. May 12, 2009) (citations omitted).

Here, the court finds the plaintiffs have cited no authority or provided any evidence that any investigation or study conducted for the purposes of their parole consideration was not impartial. Instead, the plaintiffs conclude that because they were denied parole, the board lacked impartiality. Such conclusory and unsupported allegations are insufficient to grant summary judgment.

The plaintiffs also assert they are entitled to summary judgment on their conspiracy claims, because the defendants' discovery responses merely stated their denial of a conspiracy to deny or violate the plaintiffs' rights. "Allegations of conspiracy may . . . form the basis of a § 1983 claim." *Tonkovich v. Kansas Bd. of Regents*, 159 F.3d 504, 533 (10th Cir. 1998) (citation omitted). "However, a plaintiff must allege specific facts showing an agreement and concerted action amongst the defendants," and "[c]onclusory allegations of conspiracy are insufficient to state a valid § 1983 claim" *Id.* (quotation omitted). Further, "a deprivation of a constitutional right is essential to proceed under a § 1983 conspiracy claim." *Snell v. Tunnell*, 920 F.2d 673, 701-02 (10th Cir. 1990). Thus, to prevail on such a claim, "a

plaintiff must plead and prove not only a conspiracy, but also an actual deprivation of rights." *Dixon v. City of Lawton*, 898 F.2d 1443, 1449 (10th Cir. 1990). Conclusory allegations of a conspiracy will not suffice. *Wise v. Bravo*, 666 F.2d 1328, 1333 (10th Cir. 1981). Here, the court finds plaintiff has failed to show there is a genuine issue for trial on their conspiracy claim.

Regarding the plaintiffs' claims about the Forgotten Man Act, the Oklahoma legislature repealed the Act in 1997 and replaced it with the Truth in Sentencing Act, Okla. Stat. tit. 57, § 332.7. Under the Truth in Sentencing Act, a person who committed a violent crime before July 1, 1998, and has been denied parole, is eligible for reconsideration at least once every three years. Okla. Stat. tit. 57, § 332.7(A) & (D)(1).

The defendants assert that any claims related to the alleged ex post facto application of the new law are time barred. The statute of limitations for a civil rights cause of action in Oklahoma is two years. *Meade v. Grubbs*, 841 F.2d 1512, 1522 (10th Cir. 1988). The relevant portion of § 337.2(D) was effective in 1998, so when the plaintiffs did not receive parole hearings on an annual basis in 1999, they knew or should have known the factual predicate of their claim. Their complaint was not filed until September 23, 2009, so plaintiffs' ex post facto claims are untimely.

After careful review of the record, the court finds the plaintiffs' conclusory allegations have failed to show the absence of a genuine issue of material fact, so summary judgment is not warranted. The court further finds the plaintiffs' complaint fails to state a claim upon which relief may be granted.

**ACCORDINGLY,** the plaintiff's motion for partial summary judgment [Docket #30] is DENIED, and this action is, in all respects, DISMISSED pursuant to 28 U.S.C. §

1915A(b)(1) for failure to state a claim upon which relief may granted. The plaintiffs' motion to compel discovery [Docket #35] is DENIED as moot.

**IT IS SO ORDERED** this 4th day of October 2010.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma